IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cr. No. 04-20471 D/P |
| | ) |
| NAKECIA PORTER, | ) |
| | ) |
| Defendant. | ) |

## ORDER DENYING DEFENDANT'S PRE-TRIAL MOTIONS

Before the court are the following motions filed by defendant Nakecia Porter: Motion to Obtain Evidence of Lack of Impartiality of Government Witnesses and Authorities, filed November 9, 2005 (dkt #105); Motion to Obtain Personnel Files of Government Witnesses and Authorities, filed November 9, 2005 (dkt #106); and Motion to Discover Criminal Records of Government Witnesses and Authorities, filed November 10, 2005 (dkt #109). The government filed a consolidated response to Porter's motions on November 22. On November 14, Porter's motions were referred to the Magistrate Judge for determination. For the reasons below, defendant's motions are DENIED.

## ANALYSIS

### A. Motion to Obtain Evidence of Lack of Impartiality of Government Witnesses and Authorities

Porter asks the court to order the government to disclose any and all records relating to the treatment of government witnesses for narcotic addiction, psychiatric treatment, and monetary incentives. Porter further asks the court to compel the government to disclose the details of any arrangement or agreement reached by the government with any witness who may appear at trial and testify against Porter, as required by Giglio v. United States, 405 U.S. 150 (1972). The government responds that it is aware of its obligations under Brady and Giglio and will advise the defense of any exculpatory material it obtains.

"There is no general constitutional right to discovery in a criminal case, and Brady did not create one . . . ." United States v. Presser, 844 F.2d 1275, 1281 (6th Cir. 1988) (quoting Weatherford v. Bursey, 429 U.S. 545, 559 (1977)). The Supreme Court "has made it clear that while the Brady rule imposes a general obligation upon the government to disclose evidence that is favorable to the accused and material to guilt or punishment, the government typically is the sole judge of what evidence in its possession is subject to disclosure." Presser, 844 F.2d at 1281. Further, the Sixth Circuit has explained that due process does not give a defendant "a general right to pre-trial discovery of evidence impeaching defense witnesses, where the prosecution denies

that any such material is exculpatory and material under Brady." Id. at 1283. Because the government has stated it is aware of its obligations under Brady and Giglio and will comply with the requirements set forth in these cases, the motion is DENIED.

### B.  Motion to Obtain Personnel Files of Government Witnesses and Authorities

Porter asks the court to compel the government to disclose to Porter the personnel files of any government witnesses who will testify at trial. The Sixth Circuit has explicitly rejected Porter's argument that a criminal defendant has a right to such personnel files for purposes of casting doubt on the witness's credibility. United States v. Driscoll, 970 F.2d 1472, 1482 (6th Cir. 1992). Porter's motion is therefore DENIED.

### C.  Motion to Discover Criminal Records of Government Witnesses and Authorities

Finally, Porter asks the court to order the government to disclose the criminal records of any and all government witnesses who will testify at trial. The Sixth Circuit has explicitly rejected the argument that a criminal defendant has a right to pre-trial discovery of government witness's criminal records. United States v. McQueen, No. 93-1779, 1994 U.S. App. LEXIS 30652, at *8 (6th Cir. Oct. 27, 1994) (unpublished); see also United States v. Taveras, no. 95 CR 173, 1995 WL 390167, at *11 (S.D.N.Y. June 30, 1995) (unpublished). Thus, Porter's Motion to Discover Criminal Records of Government Witnesses and Authorities is DENIED.

IT IS SO ORDERED.

_____
TU M. PHAM
United States Magistrate Judge


December 29, 2005
Date